1 WYNNE S. CARVILL (CA Bar No. 076019)
PATRICK M. RYAN (CA Bar No. 203215)
2 CHAD DEVEAUX (CA Bar No. 215482)
LAURA R. GARRETT (CA Bar No. 221542)
3 THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
4 San Francisco, CA  94105
Telephone:     (415) 371-1200
5 Facsimile:     (415) 371-1211

6 Attorneys for Plaintiff
SSF Imported Auto Parts, Inc.

7

8                   UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 SSF IMPORTED AUTO PARTS, INC.,        CASE NO.:

12          Plaintiff,                   PLAINTIFFS' COMPLAINT FOR:
                                         (1) & (2) VIOLATIONS OF 18 U.S.C. § 1030 ET.
13                                       SEQ.; (3) TRESPASS; (4) CONVERSION;
          v.                             (5) BREACH OF CONTRACT ;
14                                       (6) FRAUDULENT INDUCEMENT;
                                         (7) TORTIOUS INTERFERENCE WITH
15 MEHDI ROWAGHANI, an individual,       PROSPECTIVE ECONOMIC ADVANTAGE;
DALLAS EUROPEAN PARTS                    (8) FRAUD; (9) UNFAIR TRADE PRACTICES;
16 DISTRIBUTOR, LP, AMK LIMITED          (10) MISAPPROPRIATION OF TRADE
PARTNERSHIP, DALLAS-EUROPEAN             SECRETS; (11) COMMON LAW
17 PARTS DISTRIBUTORS, TMC               MISAPPROPRIATION; (12) INJUNCTIVE
INTERNATIONAL, L.P., TMC 2000,           RELIEF; AND (13) UNJUST ENRICHMENT
18 L.L.C., TMC 2002, L.P., 6 SUNSET
HARBOR, L.L.C., SHORELINE
19 IMPORTS, TMC INTERNATIONAL INC.
LTD. PTN., GEOFFREY M. GLAZE, an
20 individual, and DOES 1 through 500,
inclusive,

21

22          Defendants.

23

24      For claims for relief against Defendants, and DOES 1 through 500, inclusive, Plaintiff SSF

25 IMPORTED AUTO PARTS, INC. ("SSF"), complains and alleges as follows:

26

27

28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

SF #766526 v9                          -1-
COMPLAINT FOR VIOLATIONS OF 18 U.S.C. § 1030; RELATED CLAIMS AND INJUNCTIVE RELIEF

**JURISDICTION**

1.     Subject matter jurisdiction is vested in this Court over this action pursuant to the following:

        (i)     28 U.S.C. § 1331 in that certain claims herein arise under the laws of the United States;

        (ii)     28 U.S.C. § 1367 in that all other claims herein are so related to Plaintiff's claims arising under 18 U.S.C. § 1030 that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Defendants are subject to the personal jurisdiction of this Court in that the conduct giving rise to this action had its primary effect in California; the Defendants purposefully, by use of the Internet, actually entered, conspired to enter and/or attempted to enter California to access, damage, and/or acquire, computerized information and property located in California.

**VENUE**

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as Defendants are subject to personal jurisdiction of this Court and in that they intentionally, knowingly, and willfully accessed servers, computers, and computerized information located in the State of California, San Mateo County and that Plaintiff's claims for relief directly arise from those acts that occurred within the State of California, San Mateo County, which is within this judicial district.

**THE PARTIES**

4.     Plaintiff SSF is, and at all times relevant herein was, a California corporation, duly organized and existing under the laws of the State of California and was and is headquartered and qualified to do business in the State of California.

5.     Upon information and belief, Defendant Dallas European Parts Distributor, LP is a Texas limited partnership.

6.     Upon information and belief, Defendant Dallas-European Parts Distributors is a Texas sole proprietorship. (The above two entities shall be collectively referred to as "Dallas European").

1       7.     Upon information and belief, Defendant AMK Limited Partnership ("AMK") is a

2  Texas limited partnership.

3       8.     Upon information and belief, Defendant TMC International, L.P. ("TMC LP") is a

4  Texas limited partnership.

5       9.     Upon information and belief, Defendant TMC 2000, L.L.C. is a Texas limited

6  liability company.

7      10.     Upon information and belief, Defendant TMC 2002, L.P. is a Texas limited

8  partnership.

9      11.     Upon information and belief, Defendant 6 Sunset Harbor, L.L.C. (Sunset Harbor) is

10  a Texas limited liability company.

11      12.     Upon information and belief, Defendant Shoreline Imports is a California sole

12  proprietorship.

13      13.     Upon information and belief, Defendant TMC International Inc. is a Texas

14  corporation.

15      14.     Upon information and belief, Defendant Mehdi Rowaghani ("Rowaghani") is an

16  individual resident of Texas.

17      15.     Through the entity Defendants described herein, as well as the Doe entities and Doe

18  individuals, Rowaghani and the other named Defendants directed, orchestrated, attempted and

19  conspired to commit and actually committed the acts described herein.

20      16.     Upon information and belief, Defendant Geoffrey M. Glaze ("Glaze") is an

21  individual who, at the behest and direction of Rowaghani and the other named Defendants,

22  committed electronic espionage against Plaintiff by, including among other things, employing

23  spider-type technology to infiltrate, extract, copy, and/or download SSF's confidential and

24  proprietary Database.

25      17.     Does 1 through 500 are entities and individuals who aided and abetted, attempted

26  or conspired to commit, or actually committed the acts described herein.

27

28

# FACTUAL BACKGROUND

18.     SSF is a privately-owned business formed in 1975 and headquartered in South San Francisco, California.  SSF is a wholesale distributor of automotive replacement parts, specializing in Audi/VW, BMW, Mercedes Benz, Porsche, Volvo, and SAAB parts.  SSF has a wide range of customer relationships that include independent repair specialists, regional jobbers, dealerships, collision repair specialists and specialty after-market retailers.  In addition to its headquarters, it maintains warehouses in San Diego, Irvine, Auburn, and Long Beach California, as well as Phoenix, Arizona, and sales offices in Cupertino, Livermore, and Auburn, California.  SSF employs approximately 200 people.

19.     One of SSF's most valuable assets is the catalog database of replacement automotive parts (the "SSF Database") that it has developed over the past 27 years.  SSF has invested thousands of hours developing, organizing, compiling, and refining the information in the SSF Database at substantial time and cost.  The catalog is the most complete and accurate information in the replacement automotive part industry pertaining to the lines of European cars it supports.  The breadth, depth and accuracy of the SSF Database sets SSF apart from its competitors as an industry leader.  SSF created uniquely detailed and useful part descriptions, which are extremely illustrative, accurate, specific and understandable.  The SSF Database gave SSF a unique competitive advantage by providing operational efficiencies and customer benefits unmatched in the industry.

20.     In 2000, SSF officially took its business online.  The centerpiece of its online strategy is and was a *private*, *members-only* Web site, containing a searchable version of the SSF Database.  Through the online SSF Database, customer members can search a part number for cost, description, availability, manufacturer, comparable price, application, and related parts, and can view over 6,500 copyrighted photographs of automobile parts.  Thereafter, the customer can order the part online, or log off and order a part directly from a SSF salesperson.

21.     Prior to Defendants' actions described below, SSF took precautions to ensure that access to the SSF Database and its proprietary information contained therein was restricted.  Only potential and actual customers were permitted to access the SSF Database, and said access was for

1   the limited purpose of enabling customers to order parts.  Also, access required a username and

2   password and, users seeking such access expressly agree to the Terms and Conditions of Use

3   ("Terms and Conditions").  And the Terms and Conditions included admonitions about the

4   proprietary nature of the database and the confidential circumstances limited basis under which

5   customers were permitted to access and use the proprietary information.  Additionally, access to

6   the Web site was limited to certain hours during which SSF personnel could monitor the traffic

7   and use on the Web site.  And SSF personnel did in fact regularly perform such monitoring.

8          22.     SSF personnel who were monitoring Web-use at SSF noticed anomalies in the use

9   of a particular account, prompting further investigation.  SSF subsequently discovered that Dallas

10  European's IP addresses had, on or about October 2001, been used to gain improper access to the

11  SSF Database by masquerading as would-be customers of SSF.  By misrepresenting their

12  identities, Defendants fraudulently-obtained SSF accounts in the name of: (1) Coast Mercedes

13  Services, Costa Mesa, California, (2) WPA Eurasian, Temecula, California, (3) AE German, Santa

14  Monica, California, and (4) Frank's, Laguna Beach, California.  These IP addresses were used to

15  access SSF's system surreptitiously and repeatedly in 2001.  SSF took measures to prevent further

16  unlawful access.

17         23.     But subsequently, individuals monitoring web-use at SSF uncovered additional

18  suspicious activity.  Then, SSF discovered that an IP address assigned to Glaze of Austin, Texas

19  had been used to unlawfully access the SSF Database.  Upon information and belief, at the time,

20  Glaze was an employee or consultant of Shoreline Imports, a distributor for Dallas European.  And

21  Shoreline Imports is owned by TMC International, Inc., which, in turn, owns Dallas European.

22  Upon information and belief, Rowaghani controls all of these entities in some manner.

23         24.     As part of Defendants' latter attack on SSF, they created and utilized refined

24  scripts, allowing them to bypass SSF security measures and search the SSF Database during

25  restricted times, when there were no SSF IT personnel to monitor Web use.  Through these

26  mechanisms, the intruders used hacking or spider technology software to perform 30,880

27  systematic searches in 41 sessions, resulting in the successful retrieval of 13,700 matching items.

28  These searches alone accounted for over 68% of the SSF Database.

1    25.    By the time SSF was able to determine the nature and source of the unlawful

2  activity, thereby blocking the intruders from further intrusion, the damage had been done.  The

3  Defendants had unlawfully accessed and likely downloaded the majority of the SSF Database

4  along with some portion of the 6,500 proprietary photographs also on the site.

5                              **FIRST CLAIM FOR RELIEF**

6        **(Intentional Damage to Protected Computerized Information)**
         **18 U.S.C. § 1030 *et. seq.* 1030(a)(5) — Against All Defendants**
7

8    26.    Plaintiff realleges and incorporates herein by this reference each and every

9  allegation of each preceding paragraph as though fully set forth herein.

10    27.    On or about April 2001, Defendants repeatedly and intentionally — without

11  authorization or in excess of authorization — accessed SSF computer(s) and/or computerized

12  information, including the SSF Database, and, as a result of such conduct, Defendants recklessly

13  caused damage to SSF.

14    28.    As SSF's servers and the SSF Database were accessed over the Internet and across

15  state lines, such conduct affects interstate commerce.

16    29.    Defendants' conduct caused damage to SSF, and by the aforementioned conduct,

17  Defendants caused (or, in the case of an attempted offense, would, if completed, have caused) loss

18  to one (1) or more persons during any one-year period aggregating in excess of $5,000.00 in value.

19    30.    As a result of Defendants' conduct, SSF has incurred expenses related to data

20  retrieval, damage assessment, and enhanced security of its computers and/or computerized

21  information amounting to in excess of $5,000.00.

22    31.    As a result of Defendants' conduct, the value of SSF's Database, goodwill, and

23  business has been reduced by millions of dollars.  SSF Database is now in the hands of a

24  competitor, and exclusivity of possession and use can not be assured and has been lost forever.

25    32.    The aforementioned conduct was engaged in with malice, fraud, and oppression.

26    WHEREFORE, SSF prays for relief as set forth below.

27

28

1

**SECOND CLAIM FOR RELIEF**
2
(**Knowing Access to Protected Computerized Information**
**Resulting in the Wrongful or Dishonest Obtaining of Something of Value)**
**18 U.S.C. § 1030 et. seq. & 1030(a)(4) — Against All Defendants**
3

4      33.      Plaintiff realleges and incorporates herein by this reference each and every

5  allegation of each preceding paragraph as though fully set forth herein.

6      34.      On or about April 2001, Defendants knowingly — without authorization or in

7  excess of authorization — accessed SSF computer(s) and/or computerized information, including

8  the SSF Database.

9      35.      Such conduct was wrongful or dishonest and resulted in Defendants obtaining

10  something of value from SSF.

11      36.      As SSF's servers and the SSF Database were accessed over the Internet and across

12  state lines, such conduct affects interstate commerce.

13      37.      The aforementioned conduct was engaged in with malice, fraud, and oppression.

14      WHEREFORE, Plaintiff prays for relief as set forth below.

15

**THIRD CLAIM FOR RELIEF**
16
(**Trespass — Against All Defendants**)

17      38.      SSF realleges and incorporates herein by this reference each and every allegation of

18  each preceding paragraph as though fully set forth herein.

19      39.      By the foregoing alleged conduct, Defendants intentionally attempted to, and

20  conspired to, and did gain electronic access SSF proprietary information contained on SSF's

21  computers and computer servers.

22      40.      Said access was without SSF's consent.

23      41.      Said access caused damage to SSF.

24      42.      Said conduct was engaged in with malice, fraud, and oppression.

25      WHEREFORE, SSF prays for relief as set forth below.

26

27

28

## FOURTH CLAIM FOR RELIEF
### (Conversion — Against All Defendants)

43. SSF realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though fully set forth herein.

44. Defendants' wrongfully and without consent obtained the property of SSF.

45. Defendants continue to maintain physical possession of SSF's property which they acquired through unauthorized access of the SSF Database, including but not limited to documents, the SSF Database, electronic files, photographs, and other materials, which Defendants removed from SSF without SSF's consent.

46. Defendants' wrongful acquisition and continued possession of SSF's property has caused and is continuing to cause damage to SSF.

47. The aforementioned conduct was engaged in with malice, fraud, and oppression.

WHEREFORE, SSF prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract — Against All Defendants)

48. SSF realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though fully set forth herein.

49. By utilizing the SSF Database and SSF's computer and/or computerized information, Defendants agreed to the Terms and Conditions (the "Agreement").

50. Among other things, the Agreement provides that: "The content at the Site is the proprietary information of SSF ... and is confidential...." "You may not use any of the content except for reviewing and purchasing products from SSF for resale, and may not disclose it to anyone other than your employees with a need to know. This Site and its content may not be reproduced, duplicated, copied, resold or otherwise exploited for any commercial or competitive purpose not expressly permitted by SSF."

51. On or about 2001, Defendants repeatedly — for competitive and unlawful purposes — breached the Agreement by accessing under false pretenses, and then downloading, copying, or otherwise exploiting SSF's proprietary and confidential information.

52.   SSF has performed all conditions, covenants, and promises required on its part to be performed in accordance with the Agreement, or is excused therefrom, by virtue of, among other things, Defendants' fraudulent acquisition of an SSF account and password.

53.   As a direct and proximate result of Defendants' breach of the Agreement, SSF has suffered damages and will continue to suffer damages as a result of Defendants' breach of the Agreement.

WHEREFORE, SSF prays for relief as set forth below.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Inducement — Against All Defendants)

54.   SSF realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though fully set forth herein.

55.   Defendants entered into the Agreement by masquerading and falsely representing themselves as SSF customers.

56.   This conduct constituted an intentional misrepresentation that induced SSF to enter into the Agreement with Defendants.

57.   SSF reasonably relied on Defendants representations that they were customers seeking to use the use the site for legitimate business purposes.

58.   Defendants representation that they were customers, and omission that they were competitors were material.

59.   The aforementioned conduct caused damage to SSF.

60.   The aforementioned conduct was engaged in with malice, fraud, and oppression.

WHEREFORE, SSF prays for relief as set forth below.

## SEVENTH CLAIM FOR RELIEF
### (Tortious Interference with Prospective Economic Advantage — Against All Defendants)

61.   SSF realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though fully set forth herein.

62.   The SF Database is an intricate element of the value and goodwill of SSF.

63.     As a result of the aforementioned conduct, the value of SSF, its business, goodwill, and/or the value of the SSF Database was and has been irretrievably compromised and damaged.

64.     The value of SSF, its business, goodwill, and/or the value of the SSF Database has been diminished by millions of dollars.

65.     Defendants conduct was a direct and proximate cause of the said diminished value.

66.     The aforementioned conduct was engaged in with malice, fraud, and oppression.

WHEREFORE, SSF prays for relief as set forth below.

## EIGHTH CLAIM FOR RELIEF
### (Fraud — Intentional Deceit & Concealment — Against All Defendants)

67.     SSF realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though fully set forth herein.

68.     Defendants intentionally represented that they were SSF customers.

69.     Said representations were knowingly false.

70.     SSF reasonably relied on Defendants representations.

71.     Said representations were material.

72.     Defendants negligently or intentionally failed to inform SSF that they were a competitor or were working for a competitor at the time they entered into the Agreement with SSF.

73.     This information, which was concealed from SSF, was material.

74.     The aforementioned conduct by Defendants was the direct and proximate cause of damage to SSF.

75.     The aforementioned conduct was engaged in with malice, fraud, and oppression.

WHEREFORE, SSF prays for relief as set forth below.

## NINTH CLAIM FOR RELIEF
### (Unfair Trade Practices — California Business & Professions Code § 17200 *et seq.* — Against All Defendants)

76.     SSF realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though fully set forth herein.

77. California Business and Professions Code section 17200 prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business practice."

78. Defendants acts and practices as described above constitute an unlawful, unfair or fraudulent business practice or act within the meaning of the statute and thus violate California Business and Professions Code section 17200.

79. The acts of unfair business practices by Defendants described above present a continuing threat of unfair interference with SSF's legitimate business, as well as consumers, the general public, and other legitimate businesses.

80. Unless enjoined, such unfair practices are likely to continue and will further harm SSF as well as consumers, the general public, and other legitimate businesses.

81. SSF, for itself, and on behalf of consumers, the general public, and other legitimate business, are entitled to injunctive relief preventing further acts of unfair competition and to restitution of all profits and ill-gotten gains generated by acts in violation of the statute, and to an award of attorneys' fees.

WHEREFORE, SSF prays for relief as set forth below.

## TENTH CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets — California Civil Code § 3426 *et seq.* — Against All Defendants)

82. SSF realleges and incorporates herein by this reference each and every allegation of each preceding paragraph as though fully set forth herein.

83. By improper means, including but not limited to, theft, misrepresentation, breach, or inducement of a breach of a duty to maintain secrecy, or espionage through electronic means, Defendants misappropriated SSF's trade secrets or other proprietary information, including the SSF Database (a compilation) and such information had independent economic value and was not generally known to the public or to others who could have obtained economic value from the disclosure or use of the information, and SSF took reasonable steps to ensure the secrecy this information.

1      84.    SSF has been injured as the proximate result of Defendants' misappropriation of

2    SSF's trade secrets and proprietary information.

3      85.    Due to the potential disclosure by Defendants of SSF's trade secrets or proprietary

4    information, SSF has been injured and will continue to be injured if Defendants' actions are not

5    enjoined and remedial measures taken.

6      86.    Defendants will continue to be unjustly enriched if their actions are not enjoined.

7      87.    The acts of misappropriation were willful and malicious in that Defendants knew

8    that the information belonged to SSF, SSF had taken reasonable steps to protect the secrecy of the

9    information, Defendants committed fraud to gain access to SSF's information by means of

10   electronic espionage , which enabled Defendants to circumvent SSF's security and extract much if

11   not all of the SSF Database, and SSF will be irreparably harmed by the unauthorized accessing,

12   continued possession, and potential use and/or disclosure of the information.  As such SSF is

13   entitled to exemplary damages under California Civil Code § 2436.3(c).

14     88.    Defendants' acts of misappropriation and threatened acts of disclosure constitute a

15   serious and continuing threat to SSF.  SSF has suffered and continues to suffer irreparable harm

16   due to the conduct of Defendants.  SSF has no adequate remedy at law and, if Defendants are not

17   enjoined, SSF will suffer additional immediate and irreparable injury, including without limitation,

18   a loss of sales, loss of value of its goodwill and business, and other damages relating to such

19   Defendants' possession, use and disclosure, and further threatened use and disclosure, in an

20   amount which is not presently ascertainable.  Defendants should, therefore, be enjoined in a

21   manner described below.

22     89.    Based on the aforementioned conduct, under section 3426.2(c), this is an

23   appropriate case warranting an order compelling affirmative acts by Defendants.

24     90.    The aforementioned conduct was engaged in with malice, fraud, and oppression.

25   WHEREFORE, Plaintiff prays for relief as set forth below.

26

27

28

1

2

### ELEVENTH CLAIM FOR RELIEF
### (Common Law Misappropriation — Against All Defendants)

3       91.    SSF realleges and incorporates herein by this reference each and every allegation of

4 each preceding paragraph as though fully set forth herein.

5       92.    SSF has invested substantial time and money in accumulation and development of

6 its intellectual property.

7       93.    Defendants have wrongfully appropriated SSF's intellectual property, which they

8 gained access to through SSF's computers and/or computerized information.

9       94.    As a direct and proximate result of this tortious conduct on the part of Defendants,

10 SSF has been, and is being, damaged in an amount not currently known to SSF, but which will be

11 proven at trial.

12       95.    The aforementioned conduct was engaged in with malice, fraud, and oppression.

13       WHEREFORE, Plaintiff prays for relief as set forth below.

14

15

### TWELFTH CLAIM FOR RELIEF
### (Injunctive Relief — Against All Defendants)

16       96.    SSF realleges and incorporates herein by this reference each and every allegation of

17 each preceding paragraph as though fully set forth herein.

18       97.    Defendants' unlawful actions are ongoing and, unless enjoined, will continue.

19 Defendant has caused, and is causing irreparable harm to SSF by misusing confidential and

20 proprietary information that they acquired pursuant to the express terms and restriction of the

21 Agreement and through the unlawful acts described in this Complaint.

22       98.    Unless Defendants are enjoined, SSF will continue to suffer irreparable harm to its

23 business, business relationships, and reputation for which there is no adequate remedy at law.

24 Failure to enjoin Defendants' conduct and to immediately permit remedial measures will result in

25 the inevitable misuse and disclosure by Defendants of SSF's confidential and proprietary

26 information.

27       99.    Consequently, and pursuant to Federal Rule of Civil Procedure 65, California Code

28 of Civil Procedure §§ 526 *et seq.*, and California Civil Code § 3426.2, SSF seeks temporary,

1  preliminary, and permanent injunctive relief necessary to prevent the ongoing use and potential

2  disclosure, conveyance, or transfer of its trade secrets and other proprietary or confidential

3  information, as well as affirmative injunctive relief to enable SSF to perform remedial measures

4  and evaluate the degree of damage done, and attempt to prevent future damage, as well as an

5  injunction prohibiting Defendants from competing with SSF in the ***online*** sale of European auto

6  parts, as, under the circumstances, a "use injunction" cannot assure that Defendants will not abuse

7  the information which they stole from SSF.

8       WHEREFORE, SSF prays for relief as set forth below.

9  

**THIRTEENTH CLAIM FOR RELIEF**
**(Unjust Enrichment — Against All Defendants)**

10

11       100.    SSF realleges and incorporates herein by this reference each and every allegation of

12  each preceding paragraph as though fully set forth herein.

13       101.    By the aforementioned conduct, Defendants have been enriched.

14       102.    Said enrichment was unjust in that it occurred as a result of Defendants fraudulent,

15  and otherwise unlawful conduct.

16       WHEREFORE, SSF prays for relief as set forth below:

17  **PRAYER FOR RELIEF**

18       WHEREFORE, SSF prays for relief against Defendants as follows:

19  **On SSF's First Claim for Relief (Damage to Protected Computerized Information)**

20       1.    For damages in an amount to be determined by the trier of fact; and

21       2.    For exemplary and punitive damages.

22  **On SSF's Second Claim for Relief (Obtained Property by Improper Computer Access)**

23       1.    For damages in an amount to be determined by the trier of fact; and

24       2.    For exemplary and punitive damages.

25  **On SSF's Third Claim for Relief (Trespass)**

26       1.    For damages in an amount to be determined by the trier of fact; and

27       2.    For exemplary and punitive damages;

28       3.    For injunctive relief or specific performance as set forth below; and

1    4.    For imposition of a constructive trust in SSF's favor on all property in Defendants'

2  possession, custody or control, or in the custody and control of his agents, which Defendants

3  wrongfully acquired from SSF, and against all profits and other benefits which Defendants derived

4  from such property.

5                    **On SSF's Fourth Claim for Relief (Conversion)**

6    1.    For damages in an amount to be determined by the trier of fact;

7    2.    For exemplary and punitive damages;

8    3.    For the return of all of Plaintiff's property wrongfully held by Defendants, their

9  agents or assigns;

10    4.    For the value of the property at the time of its acquisition;

11    5.    For injunctive relief or specific performance as set forth below; and

12    6.    For imposition of a constructive trust in SSF's favor on all property in Defendants'

13  possession, custody or control, or in the custody and control of his agents, which Defendants

14  wrongfully acquired from SSF, and against all profits and other benefits which Defendants derived

15  from such property.

16                **On SSF's Fifth Claim for Relief (Breach of Contract)**

17    1.    For damages in an amount to be determined by the trier of fact.

18              **On SSF's Sixth Claim for Relief (Fraudulent Inducement)**

19    1.    For damages in an amount to be determined by the trier of fact;

20    2.    For exemplary and punitive damages;

21    3.    For the return of all of Plaintiff's property wrongfully held by Defendants, their

22  agents or assigns;

23    4.    For injunctive relief or specific performance as set forth below; and

24    5.    For imposition of a constructive trust in SSF's favor on all property in Defendants'

25  possession, custody or control, or in the custody and control of his agents, which Defendants

26  wrongfully acquired from SSF, and against all profits and other benefits which Defendants derived

27  from such property.

28

**On SSF's Seventh Claim for Relief**
**(Tortious Interference with Prospective Economic Advantage)**

1.    For damages in an amount to be determined by the trier of fact; and

2.    For exemplary and punitive damages.

**On SSF's Eighth Claim for Relief (Fraud — Intentional Deceit & Concealment)**

3.    For damages in an amount to be determined by the trier of fact; and

4.    For exemplary and punitive damages;

5.    For imposition of a constructive trust in SSF's favor on all property in Defendants' possession, custody or control, or in the custody and control of his agents, which Defendants wrongfully acquired from SSF, and against all profits and other benefits which Defendants derived from such property.

**On SSF's Ninth Claim for Relief (Unfair Trade Practices)**

1.    For injunctive relief or specific performance as set forth below;

2.    For restitution;

3.    For disgorgement; and

4.    For attorneys' fees and costs of suit.

**On SSF's Tenth Claim for Relief**
**(Statutory Misappropriation of Trade Secrets)**

1.    For damages in an amount to be determined by the trier of fact;

2.    For exemplary and punitive damages;

3.    For statutory exemplary damages under section 3426.3(c); and

4.    For attorneys' fees and costs of suit.

**On SSF's Eleventh Claim for Relief**
**(Common Law Misappropriation)**

1.    For damages in an amount to be determined by the trier of fact; and

2.    For exemplary and punitive damages.

1

2

## On SSF's Twelfth Claim for Relief
## (Injunctive Relief)

3    1.    For an order enjoining Defendants from:

4        a.    Viewing, using, copying, disseminating, conveying, or transferring any

5    information acquired from SSF, including any aspect of the SSF Database; and

6        b.    From establishing, hosting, acquiring, promoting, owning, or otherwise

7    being involved with the online sale of European auto parts.

8    2.    Pursuant to Civil Code section 3426.2(c), for an Order requiring:

9        a.    Defendants to permit outside consultants working with a designated SSF

10   employee (subject to a non-disclosure agreement), selected by SSF, to enter Defendants'

11   facilities, including computers and computer networks and servers, to evaluate the extent

12   an amount of information acquired by Defendants from SSF;

13       b.    Defendants to permit said consultants and SSF employee to sterilize, clean,

14   and extract any and all SSF information contained therein;

15       c.    Defendants to provide sworn declarations respecting the location of any and

16   all SSF information in their possession, custody, or control; and

17       d.    Defendants to provide sworn declarations identifying all persons who have

18   viewed, possessed, or received SSF information.

19   ### On SSF's Thirteenth Claim for Relief (Unjust Enrichment)

20   1.    For damages in an amount to be determined by the trier of fact; and

21   2.    For restitution;

22   3.    For disgorgement;

23   4.    For the value of the property at the time of its acquisition;

24   5.    For imposition of a constructive trust in SSF's favor on all property in Defendants'

25   possession, custody or control, or in the custody and control of his agents, which Defendants

26   wrongfully acquired from SSF, and against all profits and other benefits which Defendants derived

27   from such property.

28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

1

**On All Claims for Relief**

2      1.      For damages in an amount to be determined by the trier of fact; and

3      2.      For such other and further relief in the premises as the Court deems just and proper.

4    Dated: August 12, 2003

5                                                  Respectfully submitted,

                                              THELEN REID & PRIEST LLP
6

7                                        By:_____

8                                                  PATRICK M. RYAN
                                                Attorneys for Plaintiff
                                         SSF IMPORTED AUTO PARTS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28