PAUL W. BERNING (CA Bar No. 124141)
PATRICK M. RYAN (CA Bar No. 203215)
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone:   (415) 371-1200
Facsimile:   (415) 371-1211

Attorneys for Plaintiff
SSF Imported Auto Parts, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SSF IMPORTED AUTO PARTS, INC., | CASE NO.: C 03-3763-JCS |
| Plaintiff, | **STIPULATION AND ORDER RE: SETTLEMENT** |
| v. | |
| MEHDI ROWGHANI, an individual, DALLAS EUROPEAN PARTS DISTRIBUTOR, LP, AMK LIMITED PARTNERSHIP, DALLAS-EUROPEAN PARTS DISTRIBUTORS, TMC INTERNATIONAL, L.P., TMC 2000, L.L.C., TMC 2002, L.P., 6 SUNSET HARBOR, L.L.C., SHORELINE IMPORTS, TMC INTERNATIONAL INC. LTD. PTN., GEOFFREY M. GLAZE, an individual, KEVIN SMITH, an individual, and DOES 1 through 500, inclusive, | |
| Defendants. | |

**RECITALS**

WHEREAS, in 2001, SSF suffered a series of intrusions into its password-protected, proprietary auto parts database that was made available only to SSF employees and, via the Web; made available only to SSF customers who were expressly approved for access by SSF;

WHEREAS, the United States Attorney for the Northern District of California ("U.S. Attorney") filed criminal charges against Smith relating to the intrusions on SSF's password-protected, proprietary auto parts database. The case is captioned *United States of America v. Smith* and is case No. CR 04-0011 VRW;

WHEREAS, in 2003, SSF commenced a civil action in the United States District Court for the Northern District of California, Case No C-03-03763 JCS, relating to the intrusion into its password-protected, proprietary auto parts database, and in 2004 SSF amended its complaint to expressly name Smith as a defendant. The case is proceeding before the Honorable Joseph C. Spero, United States Magistrate Judge. Smith has consented and does hereby repeat his consent to this matter proceeding before Judge Spero;

WHEREAS, in August 2005, Smith and the U.S. Attorney entered into a plea agreement, which was filed with the Clerk of the United States District Court for the Northern District of California on August 16, 2005;

WHEREAS, the plea agreement requires Smith to make restitution to SSF as part of his sentencing;

WHEREAS, Smith entered a settlement agreement with SSF to resolve the claims against him.

**STIPULATION**

**IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES THAT:**

1. In the Settlement Agreement attached as Exhibit 1, and incorporated herein by this reference, Smith admits liability as to the following Claims for Relief as alleged in the First Amended Complaint: 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, and 14;

///

///

1
2      2.    Smith hereby stipulates to liability as to each of the above listed claims for relief
3  and acknowledges that entry of this Stipulation and Order establishes liability against him as a
4  matter of law as to each listed claim for relief;
5      3.    Notwithstanding any dismissal of this Action, the Court expressly retains
6  jurisdiction to enforce the Settlement Agreement and will reopen the case in the event that Smith
7  breaches the Settlement Agreement;
8      4.    In the event that this Action is re-opened, SSF will be entitled to, among other
9  things, seek a determination of the damages caused by Smith, and judgment will be entered in that
10 amount against Smith;
11     5.    In such event, pursuant to the attached Settlement Agreement, the prevailing party
12 in any proceedings to enforce the settlement agreement and or re-open this action will be entitled
13 to their attorneys' fees and costs; and
14     6.    All applicable statutes of limitations are tolled and waived by Defendant, and the
15 doctrine of laches shall not and will not apply should this Action be re-opened;
16     7.    This stipulation may be entered into in one or more counterparts, each of which
17 shall be deemed an original, but all of which together shall constitute one and the same instrument.
18 A facsimile signature shall be deemed an original signature.

**IT IS SO STIPULATED:**

DATED: October 20, 2006    SSF IMPORTED AUTO PARTS, INC.

By _____
Barrett Joseph Favro
Vice-President and Chief Financial
Officer

DATED: October 20, 2006

By _____
Kevin Smith, in pro per

///

**APPROVAL AS TO FORM:**

DATED: October 20, 2006              Thelen Reid & Priest

By _____
Patrick M. Ryan, Esq.
Attorney For SSF Imported Auto Parts, Inc.

DATED: October 10, 2006              United States Public Defender

By _____
Steven Kalar, Esq.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 10/20/06

_____
UNITED STATES MAGISTRATE JUDGE

C03-3763 JCS

SSF IMPORTED AUTO PARTS V. MEHDI ROWAGHANI, ET AL.

# EXHIBIT

# A

## SETTLEMENT AGREEMENT

### PARTIES

This Settlement Agreement ("Settlement Agreement") is entered into by and between SSF Imported Auto Parts, Inc., a California corporation, ("SSF") and Kevin Harold Smith ("Smith"). SSF and Smith shall be referred to collectively as "the Parties."

### RECITALS

**A.** In 2001, SSF suffered a series of intrusions into its password-protected, proprietary auto parts database that was made available only to SSF employees and, via the Web, made available only to SSF customers who were expressly approved for access by SSF.

**B.** The United States Attorney for the Northern District of California ("U.S. Attorney") filed criminal charges against Smith relating to the intrusions on SSF's password-protected, proprietary auto parts database. The case is captioned *United States of America v. Smith* and is case No. CR 04-0011 VRW.

**C.** In 2003, SSF commenced a civil action in the United States District Court for the Northern District of California, Case No C-03-03763 JCS, ("SSF Civil Action") relating to the intrusion into its password-protected, proprietary auto parts database, and in 2004 SSF amended its complaint to expressly name Smith as a defendant. The case is proceeding before the Honorable Joseph C. Spero, United States Magistrate Judge. Smith has consented and does hereby repeat his consent to this matter proceeding before Judge Spero.

**D.** In August 2005, Smith and the U.S. Attorney entered into a plea agreement, which was filed with the Clerk of the United States District Court for the Northern District of California on August 16, 2005.

**E.** The plea agreement requires Smith to make restitution to SSF as part of his sentencing.

**F.** Smith desires to reach an agreement with SSF regarding the restitution that SSF will seek from Smith as part of his criminal sentencing. Smith also desires to resolve the civil claims that SSF is pursuing against him.

### REPRESENTATIONS AND WARRANTIES

**A.** Smith provided financial information on January 21, 2004 to the United States Probation Office for the Northern District of Texas in order to qualify for release from pre-trial detention on his own recognizance. Smith also provided financial information on February 19, 2004 in order to qualify for representation by the federal Public Defender for the Northern District of California.

**B.** Smith hereby represents, warrants and affirms that his financial condition has not materially improved since he provided financial information in order to qualify for release on his own recognizance and for representations by a Public Defender.

---

**Settlement Agreement**                                                      **Page 1**

**C.** Smith hereby represents, warrants and affirms that he did not provide originals or copies of data, know-how, software or anything else of value obtained from SSF to anyone besides other defendants in this Civil Action. Smith further represents, warrants and affirms that he did not copy, disseminate, convey or transfer any information acquired from SSF, including any aspect of SSF's database, to any other person or entity, particularly including the new owners involved with reviving the Dallas European business and excluding only Smith's co-defendants in this SSF Civil Action.

**D.** Smith hereby represents, warrants and affirms that to the best of his knowledge and belief, none of the other defendants in this Civil Action provided originals or copies of data, know-how, software or anything else of value obtained from SSF to anyone besides other defendants in this Civil Action. Smith further represents, warrants and affirms that to the best of his knowledge and belief, none of the other defendants in this Civil Action copied, disseminated, conveyed or transferred any information acquired from SSF, including any aspect of SSF's database, to any other person or entity, particularly including the new owners involved with reviving the Dallas European business and excluding only Smith's co-defendants in this SSF Civil Action.

**E.** Smith expressly acknowledges and agrees that the foregoing representations and warranties were a material inducement to SSF in entering into this Settlement Agreement.

## AGREEMENT

NOW THEREFORE, the Parties agree as follows:

**1.** By entering into this Settlement Agreement, Smith admits, acknowledges and confesses his liability to SFF as alleged in Counts 1, 2, 3, 4 ,7, 8, 9, 10, 11, 12, 13, and 14 of SSF's First Amended Complaint.

**2.** Smith shall, upon notice from SSF, make himself available to provide signed, sworn declarations or affidavits; to testify at depositions; and to testify in court or elsewhere regarding matters in any way relating to or involved with this SSF Civil Action or the criminal prosecution against Smith. Smith shall make himself available to SSF without requiring issuance or service of a subpoena or other process. Smith shall, upon notice from SSF, make himself available to counsel for SSF to answer questions or to otherwise provide assistance to SSF or its counsel in litigating this SSF Civil Action or in any other regard relating to or involved with this SSF Civil Action or the criminal prosecution against Smith. Smith shall cooperate fully with SSF without requiring issuance or service of a subpoena or process. In any declaration, affidavit, testimony or assistance, Smith shall at all times provide information and testify truthfully and fully.

**3.** On or before October 20, 2006, Smith shall join SSF in stipulating to entry of an order by the Court in the SSF Civil Action admitting Smith's liability and consenting to the Court retaining jurisdiction to enforce this Settlement Agreement.

**4.** Smith shall consent and stipulate to entry of a permanent injunction against him forbidding him to use, copy, convey, transfer, disseminate or in any way

misuse any data, information or knowledge acquired from SSF, including any aspect of SSF's database, to any other person or entity.

   5.   Smith shall not object to and, rather, shall cooperate in ensuring that this Settlement Agreement is incorporated into and made a part of the restitution to be ordered as part of his criminal sentencing.

   6.   On condition that Smith fully honors each of his obligations set out in this Settlement Agreement and set out in Smith's Plea Agreement with the United States and in consideration of Smith's financial condition, as set out in the Representations and Warranties, above, SSF agrees to forego pursuing any money damages against Smith in this SSF Civil Action and shall seek no monetary restitution from Smith in his criminal sentencing. Provided however, if any of the Representations and Warranties, above, prove to be untrue or if Smith fails in any way to fully comply with all of his obligations under this Settlement Agreement or under his Plea Agreement with the United States, then SSF may re-open this SSF Civil Action and seek monetary damages and other relief against Smith as SSF deems appropriate and Smith hereby waives any rights he might have to oppose such a re-opening of this Civil Action.

   7.   For and in consideration of the forbearance by SSF as set out in this Settlement Agreement, Smith hereby releases any and all claims, demands, actions, rights, causes of action, obligations, damages and liabilities of any nature whatsoever that he has or may have against SSF and its officers, directors, shareholders, partners, council or board members, employees, consultants, accountants, attorneys, representatives, agents, predecessors, successors, insurers, assigns, subsidiaries, parent corporations, divisions, joint venturers, and affiliated entities, both public and private.

   8.   Subject to the exception and conditions sets out in this Settlement Agreement and so long as Smith fully and promptly honors each and every obligation he assumed in this Settlement Agreement and in his Plea Agreement with the United States, SSF hereby releases any and all claims, demands, actions, rights, causes of action, obligations, damages and liabilities of any nature whatsoever that SSF has or may have against Smith. This release shall be rendered null, void and unenforceable if Smith fails in any way to comply with each and every obligation and condition that he assumed in this Settlement Agreement or in his Plea Agreement with the United States.

   9.   Subject to the exceptions set out in ¶8, it is understood and agreed that the releases provided in this Settlement Agreement are given with knowledge of and the intent to expressly waive all rights provided by California Civil Code §1542, which provides:

> GENERAL RELEASE -- CLAIMS EXTINGUISHED. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

10. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. This Settlement Agreement shall become final and fully binding only upon execution of it by all of the Parties. The releases provided for in this Settlement Agreement do not apply to performance and enforcement of this Settlement Agreement.

12. This Settlement Agreement is governed and controlled by California law and shall be enforceable in the United States District Court for the Northern District of California or, if that Court does not have jurisdiction, in San Francisco Superior Court. Smith hereby expressly consents to the jurisdiction of the United States District Court for the Northern District and to the jurisdiction of the San Francisco Superior Court for any matter arising from or relating to this Settlement Agreement or enforcement of it. Smith hereby expressly consents to venue in San Francisco for any proceeding, state or federal, arising from or relating to this Settlement Agreement or enforcement of it. Smith hereby consents to United States Magistrate Judge Joseph C. Spero or any other U.S. Magistrate Judge presiding over any federal court civil proceeding arising from or relating to this Settlement Agreement or enforcement of it. If, for any reason, the United States District Court for the Northern District of California cannot or will not re-open this SSF Civil Action for any dispute or other matter arising from or relating to this Settlement Agreement or enforcement of it, Smith hereby consents to SSF commencing a new and separate federal or state action and agrees that his stipulations in this paragraph regarding choice of law, jurisdiction, venue and appearance before a Magistrate Judge shall apply to such new and separate action..

13. If legal action is ever required to enforce this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable costs and attorney fees incurred in enforcing this Settlement Agreement.

14. Each of the Parties expressly declares that it knows and understands the contents of this Settlement Agreement, has executed the Settlement Agreement voluntarily and has not relied on any statement not set out in this Settlement Agreement. This Settlement Agreement constitutes the entire agreement between and among the Parties with respect to the compromise and settlement of their disputes. It is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified or otherwise changed in any way whatsoever except by a writing duly executed by each of the Parties.

15. Any ambiguity in or dispute about the meaning of any part of this Settlement Agreement shall not be presumptively construed against its drafter, and each of the Parties shall be considered to have participated in the drafting.

16. Each of the Parties that desired to do so before signing this Settlement Agreement has obtained the advice of legal counsel of its own choosing, and each of the Parties has entered into this Settlement Agreement voluntarily.

**17.** If any provision of this Settlement Agreement or if the application of this Settlement Agreement to any person, entity or circumstance shall be held by a court to be invalid or unenforceable, the remainder of this Settlement Agreement or the application of such provision to persons, entities or circumstances other than those as to which it is held invalid or unenforceable shall not be affected, and each provision of this Settlement Agreement shall be enforced to the fullest extent permitted by law.

**18.** The Parties shall execute or enter into such additional documentation or agreement as are necessary to carry out the intent and express terms of this Settlement Agreement.

**19.** This Settlement Agreement constitutes the entire agreement among the Parties, and all other agreements, representations and warranties of any kind are suspended and merged into this Settlement Agreement.

Dated: October 20, 2006

Kevin Harold Smith

By /s/ Kevin Harold Smith

Dated: October 20, 2006

SSF Imported Auto Parts, Inc.
466 Forbes Blvd.
South San Francisco, CA 94080

By /s/ Barrett Joseph Favro
Vice-President and Chief Financial Officer

**APPROVAL AS TO FORM:**

Dated: October 20, 2006

United States Public Defender

By /s/ Steven Kalar, Esq.

Dated: October 20, 2006

Thelen Reid & Priest, LLP

By /s/ Patrick M. Ryan, Esq.
Attorney For SSF Imported Auto Parts, Inc.