| | |
|---|---|
| 1 | PAUL W. BERNING (CA Bar No. 124141)<br>PATRICK M. RYAN (CA Bar No. 203215)<br>THELEN REID BROWN RAYSMAN &<br>STEINER LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br>Telephone: (415) 371-1200<br>Facsimile: (415) 371-1211<br><br>Attorneys for Plaintiff<br>SSF Imported Auto Parts, Inc. | LINDA Q. FOY (CA Bar No. 148764)<br>PATRICIA J. MEDINA (CA Bar No.201021)<br>JONATHAN W. HUGHES (CA Bar No. 186829)<br>HOWARD, RICE, NEMEROVSKI, CANADY,<br>FALK & RABKIN<br>A Professional Corporation<br>Three Embarcadero Center, 7th Floor<br>San Francisco, California 94111-4024<br>Telephone: 415/434-1600<br>Facsimile: 415/217-5910<br><br>Attorneys for Defendants<br>MEHDI ROWGHANI, an individual; AMK LIMITED PARTNERSHIP formerly d/b/a DALLAS-EUROPEAN PARTS DISTRIBUTORS (sued erroneously as DALLAS EUROPEAN PARTS DISTRIBUTOR, L.P.) and SHORELINE IMPORTS; TMC INTERNATIONAL, L.P. (formerly TMC INTERNATIONAL INC., sued erroneously as TMC INTERNATIONAL INC. LTD. PTN.); TMC 2000, L.L.C.; TMC 2002, L.P.; and 6 SUNSET HARBOR, L.L.C. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SSF IMPORTED AUTO PARTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MEHDI ROWGHANI, an individual, DALLAS EUROPEAN PARTS DISTRIBUTOR, LP, AMK LIMITED PARTNERSHIP, DALLAS-EUROPEAN PARTS DISTRIBUTORS, TMC INTERNATIONAL, L.P., TMC 2000, L.L.C., TMC 2002, L.P., 6 SUNSET HARBOR, L.L.C., SHORELINE IMPORTS, TMC INTERNATIONAL INC. LTD. PTN., GEOFFREY M. GLAZE, an individual, KEVIN SMITH, an individual, and DOES 1 through 500, inclusive,<br><br>Defendants. | **CASE NO.: C-03-3763 JCS**<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

This Judgment Pursuant to Stipulation is entered into by and between Plaintiff SSF Imported Auto Parts, Inc. ("SSF") and Defendants Mehdi Rowghani ("Rowghani"), AMK Limited Partnership, Dallas-European Parts Distributors, Shoreline Imports, TMC International, L.P., TMC 2000, L.L.C., TMC 2002, L.P., and 6 Sunset Harbor, L.L.C.:

**RECITALS**

A.  In 2001, SSF suffered a series of intrusions into its password-protected, proprietary auto parts database that was made available only to SSF employees and, via the Web, made available only to SSF customers who were expressly approved for access by SSF. Large portions of the database content were copied during multiple intrusions. The database included original text, artwork and compilations that were the subject matter of 12 registered U.S. copyrights.

B.  After SSF discovered the break-ins, the FBI conducted an investigation that culminated in criminal indictments being returned in the Northern District of California against Rowghani, Geoffrey Glaze and Kevin Smith. That action is Case No. CR-04-00011 VRW.

C.  On February 9, 2005, U.S. District Court Judge Vaughn R. Walker of the Northern District of California found that Rowghani was unable to stand trial in the criminal case based on a diagnosis of frontal temporal lobe dementia. Judge Walker severed Rowghani's case from the case against Glaze and Smith. No activity currently is scheduled in the case against Rowghani.

D.  Glaze and Smith have entered guilty pleas in the criminal case and have been sentenced.

E.  SSF commenced this civil suit (Case No. C-03-03763 JCS) and proceeded against Rowghani, Glaze, Smith and business entity defendants: AMK Limited Partnership, Shoreline Imports, Dallas-European Parts Distributors, TMC International, L.P., TMC 2000, L.L.C., TMC 2002, L.P., and 6 Sunset Harbor, L.L.C. (collectively, the "Entity Defendants"). Rowghani and the Entity Defendants have stated in filings in this action that the following entities named in SSF's complaint either do not exist and were misidentified or no longer exist: Dallas European Parts Distributor L.P., Dallas-European Parts Distributors, TMC International Inc. Ltd. Ptn. and TMC International, Inc.

F. The Second Amended Complaint in this action alleges violations of 18 U.S.C. sections 1030 *et seq.*, trespass, conversion, tortious interference with prospective economic advantage, fraud, unfair trade practices, misappropriation of trade secrets, common law misappropriation, injunctive relief, unjust enrichment, and copyright infringement.

G. Glaze and Smith have admitted, acknowledged and confessed liability and have entered into settlement agreements with SSF. Glaze and Smith have provided sworn declarations that they were directed by Rowghani to break into and copy SSF's online database and that the intrusions were willful. Such direction came before Rowghani became mentally impaired.

H. While mentally competent, Rowghani executed a "uniform statutory form power of attorney" and appointed his wife, Neda Rowghani, to act as his "agent (attorney-in-fact)" with respect to all "claims and litigation" as well as "business operating transactions." A true and correct copy is attached as Exhibit A.

I. Rowghani, personally and as an officer of the defendant corporations, general partner of the defendant partnerships, and manager or officer of the defendant limited liability companies, now wishes to resolve the civil action against him and the Entity Defendants.

J. By her signature below, Neda Rowghani confirms under penalty of perjury that she is acting as Mehdi Rowghani's "agent (attorney-in-fact)" with respect to all "claims and litigation" as well as "business operating transactions" and has full authority to enter into this stipulation.

K. Rowghani has consented to and does hereby repeat his consent to this matter proceeding before Magistrate Judge Joseph C. Spero of the Northern District of California.

**STIPULATIONS**

1. Neda Rowghani stipulates to her appointment as guardian ad litem for Rowghani. The parties acknowledge and agree that her appointment as guardian ad litem is to ensure that Neda Rowghani is authorized to enter into this judgment on behalf of Rowghani and to appoint her to act on Rowghani's behalf with respect to this action and this judgment. Neda Rowghani in her individual capacity is not a party to the action or this judgment.

2. Rowghani, personally and on behalf of the Entity Defendants, stipulates to judgment in the amount of $1,800,000 on the claims in SSF's Second Amended Complaint and

1  stipulates to entry of judgment in that amount, which includes statutory attorney fees, costs and
2  interest to date. Such judgment is calculated on the basis of $150,000 for one willful infringement
3  of each of SSF's 12 registered copyrights that are part of the database.

4    3. Rowghani and the Entity Defendants consent and stipulate to entry of a permanent
5  injunction against them forbidding them to use, copy, convey, transfer, disseminate or in any way
6  misuse any data, information or knowledge acquired from SSF, including any aspect of SSF's
7  database, to any other person or entity.

8    4. Rowghani and the Entity Defendants stipulate that this judgment shall bear interest
9  at the judgment rate from the date it is entered until it is fully satisfied and that SSF shall be
10 entitled to recover the reasonable and necessary costs incurred in enforcing this judgment.

11    5. Neda Rowghani stipulates, consents, and agrees that she, as legal representative for
12 Rowghani, will appear for judgment debtor's examinations within 20 miles of her home upon
13 notice pursuant to Federal Rule of Civil Procedure 69(a) and as provided in California Code of
14 Civil Procedure section 708.110, whether such appearance is ordered by this Court or by any other
15 United States District Court.

16    6. Neda Rowghani stipulates that if Rowghani or the Entity Defendants cease to be
17 represented by counsel, she shall for a period of two years provide counsel for SSF with a street
18 address, city and state, and telephone number where she can be reached on a regular basis.

19    7. Rowghani and the Entity Defendants stipulate that Magistrate Judge Joseph C.
20 Spero, or another Judge of the Northern District of California in his place, shall retain jurisdiction
21 to enforce this Judgment.

22    8. Before entering into the Stipulations in this Judgment, Neda Rowghani and Mehdi
23 Rowghani, through his legal representative, Neda Rowghani, received independent legal advice
24 from attorneys of their choice with respect to the advisability of entering into these Stipulations.

25    9. These Stipulations may be entered into in one or more counterparts, each of which

shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IT IS SO STIPULATED:**

Dated: March ___, 2007

Neda Rowghani,

By_____
   Neda Rowghani, individually, as
   guardian ad litem for Mehdi Rowghani
   and as Mehdi Rowghani's agent
   (attorney-in-fact) for all claims and
   litigation as well as business operating
   transactions

Dated: March 19, 2007

SSF Imported Auto Parts, Inc.
466 Forbes Blvd.
South San Francisco, CA 94080

By_____
   Hans Joachim Kopecky
   President and Chief Executive Officer

**APPROVAL AS TO FORM:**

Dated: March ___, 2007

Howard Rice Nemerovsky Canady Falk &
Rabkin

By _____
   Jonathan W. Hughes, Esq.
   Attorney for Mehdi Rowghani and the
   Entity Defendants

Dated: March 22, 2007

Thelen Reid Brown Raysman & Steiner LLP

By_____
   Patrick M. Ryan, Esq.
   Attorney for SSF Imported Auto Parts,
   Inc.

**JUDGMENT**

The Court hereby enters judgment in accordance with the stipulations above and more particularly as follows:

1.   The Court appoints Neda Rowghani as guardian ad litem for Mehdi Rowghani and determines that she is fully empowered to enter into these stipulations, including to judgment, on behalf of her husband and the Entity Defendants.

2.   The Court hereby approves these stipulations for entry of judgment against Mehdi Rowghani and the Entity Defendants and hereby enters judgment thereon.

3.   The Court enters judgment against Mehdi Rowghani and the Entity Defendants in the amount of $1,800,000, which includes statutory attorney fees, costs and interest to date.

1  shall be deemed an original, but all of which together shall constitute one and the same instrument.

2  IT IS SO STIPULATED:

3  Dated: March 29, 2007                    Dated: March ___, 2007

4  Neda Rowghani,                           SSF Imported Auto Parts, Inc.
                                            466 Forbes Blvd.
5                                           South San Francisco, CA 94080

6  By _[signature]_                         By _____
7     Neda Rowghani, individually, as          Hans Joachim Kopecky
      guardian ad litem for Mehdi Rowghani    President and Chief Executive Officer
8     and as Mehdi Rowghani's agent
      (attorney-in-fact) for all claims and
9     litigation as well as business operating
10    transactions

11

12 APPROVAL AS TO FORM:

13 Dated: March ___, 2007                   Dated: March ___, 2007

14 Howard Rice Nemerovsky Canady Falk &     Thelen Reid Brown Raysman & Steiner LLP
   Rabkin
15
                                            By _____
16 By _____                   Patrick M. Ryan, Esq.
      Jonathan W. Hughes, Esq.                 Attorney for SSF Imported Auto Parts,
17    Attorney for Mehdi Rowghani and the      Inc.
      Entity Defendants
18

19                              **JUDGMENT**

20     The Court hereby enters judgment in accordance with the stipulations above and more

21 particularly as follows:

22     1.   The Court appoints Neda Rowghani as guardian ad litem for Mehdi Rowghani and

23 determines that she is fully empowered to enter into these stipulations, including to judgment, on

24 behalf of her husband and the Entity Defendants.

25     2.   The Court hereby approves these stipulations for entry of judgment against Mehdi

26 Rowghani and the Entity Defendants and hereby enters judgment thereon.

27     3.   The Court enters judgment against Mehdi Rowghani and the Entity Defendants in

28 the amount of $1,800,000, which includes statutory attorney fees, costs and interest to date.

1 shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IT IS SO STIPULATED:**

Dated: March ___, 2007                                  Dated: March ___, 2007

Neda Rowghani,                                          SSF Imported Auto Parts, Inc.
                                                        466 Forbes Blvd.
                                                        South San Francisco, CA 94080

By_____                      By_____
   Neda Rowghani, individually, as                       Hans Joachim Kopecky
   guardian ad litem for Mehdi Rowghani                 President and Chief Executive Officer
   and as Mehdi Rowghani's agent
   (attorney-in-fact) for all claims and
   litigation as well as business operating
   transactions

**APPROVAL AS TO FORM:**

Dated: March 30, 2007                                   Dated: March ___, 2007

Howard Rice Nemerovsky Canady Falk &                    Thelen Reid Brown Raysman & Steiner LLP
Rabkin

                                                        By _____
By */s/ Jonathan W. Hughes*                                Patrick M. Ryan, Esq.
   Jonathan W. Hughes, Esq.                             Attorney for SSF Imported Auto Parts,
   Attorney for Mehdi Rowghani and the                  Inc.
   Entity Defendants

## JUDGMENT

The Court hereby enters judgment in accordance with the stipulations above and more particularly as follows:

    1.    The Court appoints Neda Rowghani as guardian ad litem for Mehdi Rowghani and determines that she is fully empowered to enter into these stipulations, including to judgment, on behalf of her husband and the Entity Defendants.

    2.    The Court hereby approves these stipulations for entry of judgment against Mehdi Rowghani and the Entity Defendants and hereby enters judgment thereon.

    3.    The Court enters judgment against Mehdi Rowghani and the Entity Defendants in the amount of $1,800,000, which includes statutory attorney fees, costs and interest to date.

4. The Court enters a permanent injunction against Mehdi Rowghani and the Entity Defendants forbidding him or them to use, copy, convey, transfer, disseminate or in any way misuse any data, information or knowledge acquired from SSF, including any aspect of SSF's database, to any other person or entity.

5. The Court orders that this judgment shall bear interest at the judgment rate from the date it is entered until it is fully satisfied and that SSF shall be entitled to recover the reasonable and necessary costs of enforcing this judgment.

6. The Court shall retain jurisdiction to enforce this judgment.

7. If Rowghani or the Entity Defendants cease to be represented by counsel, Neda Rowghani shall for a period of two years provide counsel for SSF with a street address, city and state, and telephone number where she can be reached on a regular basis.

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE

I, Patrick M. Ryan, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the concurrence to the filing of this document has been obtained from each signatory hereto.

        */s/ Patrick M. Ryan*
        Patrick M. Ryan, Attorney for Plaintiff

# Exhibit A

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

# UNIFORM STATUTORY FORM POWER OF ATTORNEY

*NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400-4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.*

I, **Mehdi Rowghani**, appoint **Neda Fuladvari Rowghani** ("Neda") as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects. If Neda is unable, unwilling or ceases to act, I appoint **Ali Reza Rowghani** to act as my agent.

**INITIAL**
- _(initialed)_ (A) Real property transactions.
- _(initialed)_ (B) Tangible personal property transactions.
- _(initialed)_ (C) Stock and bond transactions.
- _(initialed)_ (D) Commodity and option transactions.
- _(initialed)_ (E) Banking and other financial institution transactions.
- _(initialed)_ (F) Business operating transactions.
- _(initialed)_ (G) Insurance and annuity transactions.
- _(initialed)_ (H) Estate, trust, and other beneficiary transactions.
- _(initialed)_ (I) Claims and litigation.
- _(initialed)_ (J) Personal and family maintenance.
- _(initialed)_ (K) Benefits from social security, medicare, medicaid, or other governmental programs, or civil or military service.
- _(initialed)_ (L) Retirement plan transactions.
- _(initialed)_ (M) Tax matters.
- _(initialed)_ (N) ALL OF THE POWERS LISTED ABOVE.

1

This power of attorney will continue to be effective even though I become incapacitated.

I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party has actual knowledge of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this 3rd day of February, 2005.

*[signature]*
Mehdi Rowghani

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
Social Security Number


STATE OF CALIFORNIA )

COUNTY OF ORANGE )


On February 3, 2005, before me, the undersigned notary public, personally appeared Mehdi Rowghani, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

*[signature]*
NOTARY PUBLIC

RUSSELL G. ALLEN
Commission # 1440890
Notary Public - California
Orange County
My Comm. Expires Sep 23, 2007

2